V.S. I declined to note earlier, but I really would like to welcome a very prestigious delegation from the European Patent Office who is in attendance this morning. Now, Mr. Sarda, you may proceed. Thank you. May it please the court, my name is Peter Sarda. I'm a member of the Wake County North Carolina Bar. I represent Rogers Merrill, who is a veteran of the Vietnam War, served from 1968 to 1971. I feel humbled dealing with a matter of this nature in the presence of the council and the other issues that were raised this morning, but I can assure you that to Mr. Merrill, this matter is of the utmost significance. He has glaucoma. It's important to us too, so we can, but let's go right to the point. Didn't the doctor's opinions upon which the board relied, to make it very clear, the board did have basis for making its determination? No, your honor, they relied on an optometrist. An optometrist is the guy at Walmart who makes the frames for you. They did not seek an ophthalmologist, a person who could identify not only the nature of the glaucoma they had, but also the degree of its progression and possibly iterate a time of the beginning of this. Well, even if that was a statutory problem, wouldn't we have to get into review of facts in order to reach that kind of question? Not if the court, this court can find that the board and the lower court did not meet the duty to assist standard that's set forth in the federal statute. We contend that this case is focused on the duty to assist. If the board said that an optometrist adequately meets the medical portion of the requirement, even though it's not an ophthalmologist, that to me seems like a fact finding, isn't it? Your honor, the statute, yes, it is a factual finding, but the statute says that if the veteran is claiming a matter of compensation and has produced sufficient evidence to raise the issue, then the Department of Veterans Affairs can order a medical examination. We contend that that was insufficient as a matter of law. It was not satisfactory to go to an optometrist to refute the comments of a physician who had reviewed his medical history and found it. Well, there's a factual argument built in there also because the doctor's opinion obtained by Mr. Murrell was apparently not based on the record. It was based on his information that he gave to that doctor, whereas the medical person, OD, doctor of optometry or whatever you were called, that was brought in by the VA apparently reviewed the entire medical history. Do I have that right? That's correct, your honor. So that there's a factual question as to which one of those opinions is more credible, more factually based, more based on the record. You're familiar with our standard of review. It's a very odd problem. By the way, welcome to the court. I'm a Tar Heel, so I'm glad to see you with us. It's a very peculiar standard of review, but it basically bars us from looking at the facts. And as I go through, and I'm sympathetic with your client, but as I go through that record and read what the VA did and then what the appellate court did, I'm having a lot of trouble finding an explanation that is in fact keyed, because you make the point that he's entitled to help from the VA, but I don't know what more the VA could have done for him. They really gave him, compared to some of the records we've seen, they really gave him an awful lot of opportunities to make the best case he could. Don't you think that's, I mean, didn't he have quite a bit of opportunity? Yes, your honor, he did. He did. There's no question about it, but they still got it wrong. Yeah, now they may very well have gotten it wrong, and our problem is can we correct what we might have come out differently, but the question is, is there some hook on which we could come out differently, and I'm having trouble finding it. That's why I make a second argument in the brief, your honor, dealing with his due process rights. We contend that they were violated in that the duty that the VA had was not complied with. We contend it's as simple and straightforward as that. It is fact-oriented. There's no question about it. It was prejudicial to him, and we contend that if the VA, I mean, look at the... In an application for benefits, what's the property interest at stake when all you're doing is applying for benefits, seeking to qualify? You haven't got any right yet of any property dimension, do you? The property right, I think he does, your honor. I think the property right he has is the right to a fair and effective medical exam. The statute requires it. You are just repeating that he should have due process, but again, due process isn't something you get unless there's a property value at stake under this Constitution. What's the property at stake here? I think the right that he had is vested in him as a veteran, and that the statute that gives the VA the right to invest in him a pension for compensation is the right that we're talking about. But he's applying for that. He hasn't got it. That's correct, your honor. It's a definition of property beyond its normal dimensions, isn't it? I agree. I agree it is an extension. I agree it's a gap. I agree that it's fact-based. But I contend that in this situation, this gentleman has established through his application and through the record that is He's entitled to a medical examination that points not only to the fact that he has, that they can't find certain records, but that he had this glaucoma from a time. In your brief, you make reference to an Agent Orange study. Help me understand what exactly do you mean by that? He was identified. He was exposed. He was exposed to Agent Orange. But what do you mean by an Agent Orange study? In 1992, an Agent Orange person representing the VA contacted him and asked him for certain of his symptoms. He never heard any more about it. That's the study? That's the study we're talking about. That wasn't clear to me. That's what I wanted to know. Thank you. Those are all the points I wish to raise this morning, Your Honor. If there are any questions, I'll be glad to answer them. We'll reserve the rest of your time for rebuttal. Thank you. Pardon me. Ms. Grigsby? May it please the Court. This case is about Mr. Murrell's disagreement with the Board of Veterans' Appeals and the Veterans Court's conclusion that his glaucoma, which he developed three years after his discharge from the Army, was not related or not service-connected. We ask that this Court dismiss this appeal for three reasons. The first reason is that affirmance is proper in this situation because the Board properly assessed the evidence and applied the proper law in finding that there was no service connection. Second, as this Court noted, the majority of Mr. Murrell's arguments deal with the application of the law to the facts and are asking this Court to revisit the facts of the case, which is plainly beyond this Court's jurisdiction. And third, because the two new arguments that Mr. Murrell raises upon appeal are both not based in fact and also are not necessarily mandated by the law. To the extent that he... Are you talking about the due process argument? Both the due process argument and the duty to assist, both of these were not ruled upon by the Veterans Court. So should we remand for them to do that in light of our intervening decision in Pushman? No, Your Honor, and the reason why, especially with respect to the due process argument, is that the facts of this case show that Mr. Murrell was afforded the very process to which he claims is now due. In particular, he received a medical examination and a medical nexus opinion, both a medical examination in 2004 and a medical nexus opinion in 2006. So therefore, upon the facts of this case, it would not be appropriate to remand because this Court can make the conclusion, according to its most current precedents, such as Edwards and Gamble, that due process, in fact, was afforded to Mr. Murrell. And then with respect to his argument with the duty to assist, again, Mr. Murrell, in fact, did receive an examination and has not cited to any part in the statute which would mandate the type of assistance which he claims is due. In addition, just to point out, it was raised the Agent Orange examination. It is also in the record that Mr. Murrell, in fact, did receive an Agent Orange examination in 1992. Therefore, does the panel have any further questions? Is there any danger of due process becoming an avenue to review factual determinations which are beyond our jurisdiction? It could be, Your Honor. I do agree with that. I think that to the extent that the Court has earlier recognized that some arguments, factual arguments, could be restated as a due process claim, then those arguments just generally should not be ruled upon. For example, I would argue that the reasoning in Helfer v. West, where this Court recognized that sometimes just because an argument is stated in constitutional terms, it does not make it, per se, a constitutional argument, that this Court generally should not entertain such arguments. Therefore, we request dismissal of this case because the VA properly ruled upon, the Veterans Court properly ruled upon the merits of the claim because this Court generally lacks the jurisdiction to entertain the type of inquiry that Mr. Murrell asked this Court to do. Also, because the new arguments that potentially could give rise to jurisdiction as an initial matter aren't necessarily right. But second, as a factual matter, the record shows that he was, in fact, the VA complied with the statute and he was afforded the process to which he claims now is due. Thank you. Thank you, Ms. Grigsby. Mr. Sarda, you have six minutes remaining if you'd like to use it all. I would like to make one point in rebuttal, Your Honor, and that is it is true that the veteran is an applicant at the time that I contend his due process rights would arise. But under the statute, once he files the application, the duty is triggered. In other words, it's past the stage where he's on the outside looking in. He's now a veteran who submitted a claim. They argue that you received all the process that you were due, that you did get a medical exam, you got every effort to help you. Does that respond adequately to your concerns? No, Your Honor, it does not. And that's the only point I'm trying to make. What do you want more? I want an unbiased medical opinion. They look at the record in that case. They went back to that guy, the optometrist. They went back to him three times before he finally got the opinion. First he said, yeah, he's got it and he had it when he was in the service. Then he went back and they changed that to, well, maybe he didn't have it when he was in the service but he had it shortly thereafter. He came back and they gave him a third opinion. The record is clear on that. They were coming and getting opinion and they kept coming and getting opinions until he got it right. We contend that that violated his constitutional rights. If there are no further questions, I would like to... Thank you, Mr. Sarda. Thank you, Your Honor.